## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN SMITH,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | CIVL ACTION NO. 19-CV-6130 |
| JOHN WETZEL, *et al.*,<br>    Defendants. | : <br> : <br> : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                **JANUARY 9, 2020**

Plaintiff Calvin Smith, proceeding *pro se*, has filed a civil action against numerous individuals, primarily prison personnel associated with SCI-Chester and SCI-Mahanoy. (ECF No. 3.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis* and a Prisoner Trust Fund Account Statement.[1] (ECF Nos. 1, 2.) For the following reasons, the Court will grant Smith leave to proceed *in forma pauperis*, dismiss his Complaint, and grant him leave to file an amended complaint.

### I.    FACTUAL ALLEGATIONS[2]

According to the Complaint, Smith is currently incarcerated at SCI-Mahanoy.[3] He alleges that the facts giving rise to his claim occurred at both SCI-Chester and SCI-Mahanoy in January 2018. (ECF No. 3 at 2.) Smith provides the following facts to support his claim:

---

[1] The Prison Litigation Reform Act requires a prisoner seeking leave to proceed *in forma pauperis* to submit with his request a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C.A. § 1915(a)(2). Here, Smith has provided account statements covering the period July 12, 2019 through December 13, 2019. (ECF No. 2.) The Court deems the submission of an account statement covering the five-month period preceding the filing of Smith's Complaint substantial compliance with the statute.

[2] The facts set forth in this Memorandum are taken from Smith's Complaint.

[3] The Court adopts the pagination assigned by the CM-ECF docketing system.

> 1. Llamos and Wahl were abusing their authority and harassing me.
> 2. The staff below them conspired to do the same.
> 3. Delbasio was abusing her power.
> 4. Mason abused power and authority. All staff under are harassing me.
> 5. Cpt. Dunkle abused authority, conspiring with Roushey to harass me.

(*Id.* at 4.) Smith alleges that he has sustained physical and psychological injuries as a result of the conduct described. (*Id.*) He requests an award of compensatory damages in excess of $75,000 and release from prison. (*Id.* at 6.)

## II. STANDARD OF REVIEW

The Court will grant Smith leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Smith is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8,

---

[4] However, as Smith is a prisoner, he must pay the filing fee in installments in accordance with 28 U.S.C. § 1915(b).

a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

The Court reads Smith's Complaint as purporting to state a claim for violations of his civil rights pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show

that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As pled, Smith's Complaint does not comply with Rule 8.

First, Smith has not identified a right secured by the Constitution or laws of the United States violated by the named Defendants, and the Court is hard-pressed to determine that any right has been violated based on the scant information provided in the Complaint. Next, Smith broadly alleges that Defendants Llamos, Wahl, Delbasio, Mason, Dunkle, and Roushey abused their power or authority and harassed Smith, and that other unnamed individuals conspired with them to do the same. (ECF No. 3 at 4.) He does not, however, described any particular actions these individuals took that led Smith to conclude that they were abusing their authority and harassing him, and does not explain how this abuse of power and harassment implicated any of his rights. Next, the factual recital does not include any allegations as to Defendants Wetzel, Cesepes, Malick, Vieny, Hoffman, Hepner, Bachert,[5] Kabilko, Farone, and John Doe.[6] In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Smith's Complaint cannot be fairly read as describing the involvement of any individual or, indeed, any event or occurrence.

Even liberally construed, Smith's Complaint does not "'identif[y] discrete defendants and the actions taken by these defendants.'" *Garrett*, 938 F.3d at 93 (citations omitted). Moreover,

---

[5] Smith identifies two individuals named Bachert as Defendants, one identified as a Lieutenant and one identified as a Corrections Officer. (ECF No. 3 at 1.) It is unclear whether Smith intended to name two separate individuals, or whether he was unclear as to the position held by Defendant Bachert.

[6] Smith includes as a Defendant "C/O in chow hall one that will not tell me his name." (ECF No. 3 at 1, 3.) The Court understands Smith to be including a John Doe defendant.

it does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3 (citations omitted). Accordingly, it is not sufficient to survive screening and must be dismissed. Because the Court cannot say with certainty that Smith cannot adequately state a § 1983 claim, he will be granted leave to file an amended complaint.[7]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Smith leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to comply with Rule 8 and failure to state a claim. Smith will be permitted to file an amended complaint to attempt to cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

[7] The Court notes that as an element of relief, Smith has demanded release from prison. (ECF No. 4 at 6.) This is not an available remedy in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).